**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 01:04-CR-0106** |
| : | |
| : | **(Judge Conner)** |
| : | |
| **v.** : | |
| : | |
| **JOSEPH KELLY** : | |

## ORDER

AND NOW, this 21st day of November, 2005, upon consideration of the motion (Doc. 32) of the United States to reduce the sentence previously imposed on defendant in the above-captioned case, see FED. R. CRIM. P. 35(b) ("Upon the government's motion made within one year of sentencing, the court may reduce a sentence if . . . the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person[,] and [] reducing the sentence accords with the Sentencing Commission's guidelines and policy statements."); United States v. Torres, 251 F.3d 138 (3d Cir. 2001) (identifying factors to consider when considering downward departure based upon substantial assistance); U.S. SENTENCING GUIDELINES MANUAL § 5K1.1 (2004) (setting forth factors for substantial assistance departure); see also United States v. Doe, 940 F.2d 199, 208 n.7 (7th Cir 1991) (stating that Rule 35(b) motion "must be read consistently with [its] Sentencing Guidelines counterpart, 5K1.1"), with which defendant concurs, see Gov't of Virgin Islands v. Gereau, 603 F.2d 438, 443 n.3 (3d Cir. 1979) ("The decision as to whether to hold a hearing on a Rule 35 motion is committed to the discretion of the district court."), and it appearing that the motion was made within one year

of sentencing, see FED. R. CRIM. P. 35(b), that the defendant timely assisted the government by immediately providing information related to a violent narcotics and firearms dealer, see Torres, 251 F.3d at 146 (identifying "timeliness of defendant's assistance" as a factor), that the information provided is believed to be complete and proved truthful and reliable, see Torres, 251 F.3d at 146 (identifying "the truthfulness, completeness, and reliability of any information" as a factor), that the information provided was significant and used by the government in its prosecution of the narcotics and firearms dealer, see Torres, 251 F.3d at 146 (identifying "the significance and usefulness of the defendant's assistance" as a factor), that defendant's assistance was extensive and included identifying witnesses and testifying at trial on behalf of the government, see Torres, 251 F.3d at 146 (identifying "the nature and extent" of the assistance as a factor), and that in assisting the government the defendant placed himself at risk of danger or injury at the hands of a known violent individual, see Torres, 251 F.3d at 146 (identifying "any injury suffered, or any danger or risk of injury" as a factor), and the court finding that a two-level reduction in offense levels[1] is appropriate and accords with the Sentencing Commission's guidelines and policy statements, see FED. R. CRIM. P. 35(b); U.S. SENTENCING GUIDELINES MANUAL § 5K1.1 (2004), that a sentence at the low end of the Guidelines range is appropriate in light of defendant's assistance to

---

[1] The pre-departure offense level was 23, and with a criminal history category of III defendant's Guidelines range of imprisonment was 51 - 63 months. A two-level departure in the offense level results in a Guidelines range of imprisonment of 46 - 57 months.

the government and of the nature of the offense of conviction, and that such a sentence satisfies the purposes set forth in 18 U.S.C. § 3553(a)—including the necessity of deterrence and just punishment, promotion of respect for the law, protection of the public, avoidance of unwarranted disparities, and assurance of correctional treatment for the defendant and restitution to any victims of the offense—and reflects full consideration of all factors relevant to the sentencing determination—including the nature and seriousness of the offense, the history and characteristics of the defendant, the kinds of sentences available, and the advisory range and policies prescribed by the United States Sentencing Commission, it is hereby ORDERED that:

1. The motion to reduce sentence for substantial assistance (Doc. 32) is GRANTED.  See FED. R. CRIM. P. 35(b); United States v. Torres, 251 F.3d 138 (3d Cir. 2001).

2. The judgment (Doc. 31) in the above-captioned case is AMENDED only to reflect that defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of forty-six (46) months.  See FED. R. CRIM. P. 35(b).

   a. This amendment relates back to the date of the original judgment, which shall otherwise remain unchanged.

   b. Any condition of the original judgment of sentence that has been fully or partially satisfied by the defendant shall be credited towards the amended judgment.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge